**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

MAR 18 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MAKENZIE PAULY,

               Plaintiff-Appellant,

  v.

STANFORD HEALTH CARE, FKA
Stanford Hospital and Clinics,

               Defendant-Appellee,

No. 22-16655

D.C. No. 3:18-cv-05387-SI

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted March 18, 2024[**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Plaintiff-Appellant Makenzie Pauly appeals pro se from the district court's

summary judgment in favor of Defendant-Appellee Stanford Health Care (SHC) on

Pauly's five claimed violations of the federal Emergency Medical Treatment and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Active Labor Act of 1986, 42 U.S.C. § 1395(dd) (EMTALA). We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo a district court's ruling on a summary judgment motion." *Cottonwood Env. L. Ctr. v. Edwards*, 86 F.4th 1255, 1260 (9th Cir. 2023). "We review the district court's rulings concerning discovery, including the imposition of discovery sanctions, for abuse of discretion." *See Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011). We affirm.

1. The district court did not err in granting summary judgment for SHC on Pauly's five EMTALA claims.

First, Dr. Gates's unrebutted notes and testimony, showing that the specialized pediatric hospital did not have space available for Pauly, defeated the alleged violation of EMTALA's so-called "reverse-dumping" provision, 42 U.S.C. § 1395dd(g). Dr. Gates testified in the capacity of a lay witness, not an expert, based on his personal experience inquiring whether the pediatric hospital had available capacity in December 2008. *See Goodman*, 644 F.3d at 819 ("Generally speaking, treating physicians are . . . a species of percipient witness. They are not specially hired to provide expert testimony; rather, they are hired to treat the patient and may testify to and opine on what they saw and did.").

Second, Dr. West's unrebutted declaration, opining that SHC's medical screening was appropriate, defeated Pauly's second claim, alleged violation of

EMTALA's requirement to provide an appropriate medical screening, 42 U.S.C. § 1395dd(a). Dr. West's declaration met the "low" bar for relevance because it "logically advance[d] a material aspect" of SHC's case, *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014), and Pauly has not challenged Dr. West's extensive qualifications or provided any other appropriate basis on which to question Dr. West's reliability.

Third, 42 U.S.C. § 1395dd(d)(1)(C) outlines an exception to a circumstance when a civil monetary penalty will not be imposed under EMTALA, not a separate claim. *See Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1173 (9th Cir. 2013) (holding that when a court is unable to "infer a congressional intent to create a private right of action from the language of the statute, the statutory structure, or any other source," the court must conclude that no private right of action exists).

Finally, the district court correctly granted summary judgment for SHC on Pauly's fourth and fifth claims, alleged violations of EMTALA's stabilization and transfer requirements, 42 U.S.C. § 1395dd(b)(1). SHC presented evidence that Pauly's pain had lasted for more than two months, she was given extensive testing with negative results, and her vital signs were stable. Pauly does not offer any evidence suggesting that her health or bodily functions were reasonably expected to be in serious jeopardy without treatment or that SHC was aware of such. *See Jackson v. E. Bay Hosp.*, 246 F.3d 1248, 1257 (9th Cir. 2001) ("[A]ctual knowledge

of the emergency medical condition by the hospital [is] a condition precedent to" EMTALA's stabilization and transfer requirements.) In fact, Pauly's condition did not worsen, she did not require additional emergency treatment, and her symptoms eventually subsided. Because Pauly did not present any evidence rebutting SHC's evidence, the district court properly granted summary judgment for SHC. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

2. The district court did not abuse its discretion in denying Pauly's motions to compel. First, Pauly does not show why the district court's denial of her request for third party records, peer review reports, and a complete copy of her medical records was in error or that the denial caused her prejudice. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant"). Second, Pauly did not raise her argument that SHC failed to produce census reports before the district court. Therefore, we consider it waived. *See Momox-Caselis v. Donohue*, 987 F.3d 835, 842 (9th Cir. 2021). Third, the rest of the evidence Pauly claims she was denied— SHC's record-retention policy, the original medical transfer program call record, a recording of the transfer call, SHC's EMTALA policy for pediatric pain patients, and a medical records audit trail—were either provided to her during discovery or

4

any issues related to production were addressed by both the magistrate judge presiding over discovery and the district judge. In sum, Pauly had multiple opportunities to contest SHC's discovery compliance, two judges carefully considered Pauly's arguments, and both judges ultimately rejected them. On appeal, she does not demonstrate why those decisions were incorrect. Under these circumstances, Pauly does not offer this court any basis for setting aside the district court's evidentiary determinations. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1176 (9th Cir. 2011) (stating that "a district court has wide latitude in controlling discovery and that decisions governing discovery are highly fact-intensive") (internal quotation marks and citation omitted).

3. The district court did not abuse its discretion in denying Pauly's motion for discovery sanctions because Pauly failed to demonstrate any sanctionable conduct. *See* Fed. R. Civ. P. 37(c)(1) (describing possible sanctions for a party's failure to disclose); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("[W]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).") (internal citation omitted).

**AFFIRMED.**